**BLD-199** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4030
_____

YUWSHA ALWAN,
                                                 Appellant

v.

PAMELA P. DEMBE; LILLIAN H. RANSOM;
PATRICK F. DUGAN; BARBARA A. MCDERMOTT;
DISTRICT ATTORNEY PHILADELPHIA;
RICHARD SAX; ROBERT M. GAMBURG;
NORMAN SCOTT; JOHN HARKINS; JOSEPH MCDERMOTT;
SHARIF STREET; MICHAEL GIFFORD; KEVIN LONG;
CHARLES RAMSEY; HUGH BURNS; JOSEPH C. SANTAGUIDA;
DOMINIC J. MANGONI
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-04001)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2015

Before: AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: May 22, 2015)

_____

OPINION[*]

_____

PER CURIAM

Yuwsha Alwan, an inmate, appeals the dismissal of his civil rights lawsuit. We will affirm.

Alwan filed suit under 42 U.S.C. §§1981, 1982, 1983, 1985, and 1986 alleging that he was "falsely accused and convicted of murder, conspiracy and robbery" because: (1) he never received a copy of the arrest warrant, the search warrant, the probable cause affidavit, and "any documents related to the extradition agreement"; (2) Robert Gray, who had confessed to the crime, had recanted any statements implicating Alwan, and had testified at Alwan's preliminary hearing and his trial that Alwan was actually innocent; (3) a Judge improperly denied Alwan's requests for discovery and delayed his trial date; (4) Alwan wrote a letter to another Judge, complaining of these purported errors; and (5) despite Gray's testimony exonerating him, Alwan was "falsely" convicted. Alwan's complaint named as defendants several Judges of the Philadelphia Court of Common Pleas, prosecutors in the Philadelphia District Attorney's Office, police officers, and criminal defense attorneys—all of whom, Alwan alleged, "conspired against his rights" by "depriv[ing] him of the right to a fair public trial by an impartial jury." Alwan sought an order requiring the defendants to "identify, produce and certify . . . any and all

documents that either incriminate and/or exonerate [him]" as well as a declaration that his rights were violated. In addition, Alwan requested that the District Court refer his case to the United States Attorney for the initiation of criminal charges.

The District Court dismissed Alwan's complaint pursuant to its screening obligations under 28 U.S.C. § 1915A. The District Court concluded that: (1) though Alwan's complaint mentioned 42 U.S.C. §§ 1981 and 1982, those statutes have no application to his claims; (2) Alwan's claims—that he was maliciously prosecuted, falsely convicted on fabricated evidence, denied a fair and speedy trial, and denied access to exculpatory material—are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); (3) to the extent Alwan alleged claims of false arrest or false imprisonment, and to the extent those claims were not barred by Heck, see Wallace v. Kato, 549 U.S. 384, 395 n.5 (2007), they are time-barred by the statute of limitations, see id. at 389, and the one-year statute of limitations in § 1986; and (4) amendment of his complaint would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Alwan appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We conclude that there is no arguable basis to challenge the District Court's decision to dismiss Alwan's complaint, for the reasons set forth in the District Court's memorandum. We also agree that amendment of his complaint would be futile. Grayson, 293 F.3d at 108. Accordingly, we will summarily affirm the judgment of the District Court.